UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ladonaugh Hall,

         Plaintiff

v.

Compass Group USA, Inc., et al.,

         Defendants

Case No. 2:23-cv-01206-CDS-BNW

**Order Denying Defendants' Motion to Compel Arbitration**

[ECF No. 18]

      Ladonaugh Hall filed this employment action against her former employers, Compass Group USA, Inc and Flik International Corp. (collectively, Flik) alleging that they violated Title VII of the Civil Rights Act of 1964 and Nevada Revised Statute (NRS) § 613.330. *See generally* Compl., ECF No. 1. Hall asserts six causes of action for: (1) discrimination based on sex; (2) discrimination based on sexual orientation; and (3) retaliation. Flik moves to compel arbitration arguing that the parties are bound by an arbitration agreement and urging that this dispute must therefore be resolved in arbitration under NRS § 38.211 and the Uniform Arbitration Act. *See generally* ECF No. 18. Indeed, in deciding whether parties agreed to arbitrate a matter, courts generally should apply ordinary state-law principles that govern the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). However, Flik's motion cites and primarily relies on Nevada state law to demonstrate that the parties are compelled to arbitrate their dispute. ECF No. 18 at 3–4. Flik does not apply the Federal Arbitration Act, which governs the enforceability of arbitration agreements in contracts in federal court. *See Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (stating that a party seeking to compel arbitration must prove two elements under the Federal Arbitration Act); *see also Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (simplified) (The Federal Arbitration Act "permits a party aggrieved by the alleged refusal of another to arbitrate to petition any

federal district court for an order compelling arbitration in the manner provided for in the agreement."). For this reason, Flik's motion is denied without prejudice.

## Conclusion

IT IS THEREFORE ORDERED that defendants' motion to compel arbitration [ECF No. 18] is DENIED without prejudice.

Dated: August 15, 2024

_____
Cristina D. Silva
United States District Judge